UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN NAMES AGENTS, et. al,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00706 - JLT<br><br>ORDER DIRECTING THE MATTER BE ASSIGNED TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE MATTER FOR FAILING TO COMPLY WITH COURT ORDERS<br><br>(Doc. 2) |

On May 2, 2012, Plaintiff, Alejandro Hernandez filed this action. (Doc. 1). For the reasons set forth below, it is recommended the matter be dismissed.

## I. Procedural History

On May 4, 2012, the Court ordered the complaint stricken because it was not signed and it set forth no intelligible claims for relief. (Doc. 2) The order granted Plaintiff 30 days to file a signed complaint form and either an application to proceed in forma pauperis or pay the filing fee. (Id.) More than 30 days have passed since the Court served Plaintiff with its May 4, 2012 order, and Plaintiff has failed to respond.

## II. Legal Standards

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los*

1

*Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to file a proper complaint. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff, no lesser sanction is feasible.

### III.    Conclusion and Order

Based upon the foregoing, the Court DIRECTS the Clerk of the Court to assign this matter to a District Judge.

### IV.    Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within 14 days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 12, 2012**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE